IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| PETROTERMINAL DE PANAMA, S.A, | : | NO. 08 CV 00547 (JSR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **INITIAL DISCLOSURES** |
| | : | |
| HOUSTON CASUALTY COMPANY, | : | |
| NATIONAL LIABILITY & FIRE INSURANCE | : | |
| COMPANY a/k/a NATIONAL FIRE & | : | |
| LIABILITY INSURANCE COMPANY, | : | |
| LIBERTY MUTUAL INSURANCE COMPANY, | : | |
| GREAT AMERICAN INSURANCE COMPANY | : | |
| OF NEW YORK, INDEMNITY INSURANCE | : | |
| COMPANY OF NORTH AMERICA, and | : | |
| CONTINENTAL INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | x | |

---

Pursuant to Fed. R. Civ. P. 26(a), plaintiff Petroterminal de Panama, S.A. ("PTP") submits its initial disclosures to defendants Houston Casualty Company, National Liability & Fire Insurance Company a/k/a National Fire & Liability Insurance Company, Liberty Mutual Insurance Company, Great American Insurance Company of New York, Indemnity Insurance Company of North America, and Continental Insurance Company ("Insurers").

These disclosures are based upon information readily available to PTP. By making these disclosures, PTP does not waive its right to object to the production of or the introduction into evidence of any document or tangible thing on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other applicable objection. PTP reserves the right to rely upon any documents and testimony disclosed during the course of discovery by the Insurers or any third party.

I. **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

In accordance with Fed. R. Civ. P. 26(a)(1)(A), PTP hereby identifies the following individuals who have relevant knowledge that PTP may rely upon to support its claims in this matter:

    A. Peter Ripp
       Vice President
       Petroterminal de Panama, S.A.
       25 Melville Park Road
       Melville, NY 11747-0398
       Telephone: 631-293-4700

Mr. Ripp has knowledge concerning the claim that Castor Petroleum Ltd. ("Castor") has asserted against PTP for reimbursement of revenues that Castor allegedly lost in consequence of the February 2007 oil spill ("Oil Spill") at the Chiriqui Grande facility.

    B. H. Brant Brown
       President
       Northville Industries Corp.
       25 Melville Park Road
       Melville, NY 11747-0398
       Telephone: 631-293-4700

Mr. Brown has knowledge concerning the circumstances of the Oil Spill and the subsequent investigation into the causes of the Oil Spill. Mr. Brown is also knowledgeable regarding the resulting oil pollution damage and the scope and conduct of the ensuing environmental cleanup and the nature of many of the expenses for which PTP seeks coverage in this action.

    C. Richard Roberts
       Director, Lucius Pitkin, Inc.
       304 Hudson Street
       New York, NY 10013
       Telephone: 212-233-2737

Mr. Roberts conducted the investigation into the causes of the Oil Spill and is knowledgeable regarding this issue.

      D. Luis Roquebert
         Manager, PTP's Chiriquí Grande Facility
         Petroterminal de Panama, S.A.
         Panama City
         Republic of Panama
         Telephone: 507-263-7777

Mr. Roquebert has knowledge concerning the circumstances of the Oil Spill and the subsequent investigation of the causes of the Oil Spill. Mr. Roquebert is also knowledgeable regarding the resulting oil pollution damage, the scope and conduct of the ensuing environmental cleanup, and the nature of the expenses for which PTP seeks coverage in this action.

      E. Pedro Gonzalez
         Operational Manager, PTP's Chiriquí Grande Facility
         Petroterminal de Panama, S.A.
         Puerto Armuelles Chiriquí
         Republic of Panama
         Telephone: 507-770-7246

Mr. Gonzalez has knowledge concerning the circumstances of the Oil Spill and the subsequent investigation into the causes of the Oil Spill. Mr. Gonzalez is also knowledgeable regarding the resulting oil pollution damage, the scope and conduct of the ensuing environmental cleanup, and the nature of the expenses for which PTP seeks coverage in this action.

      F. Jaime Perez
         Industrial Security and Environmental Manager --
          PTP's Chiriquí Grande Facility
         Petroterminal de Panama, S.A.
         Chiriqui Grande, Bocas del Toro
         Republic of Panama
         Telephone: 507-756-9125

Mr. Perez has knowledge concerning the circumstances of the Oil Spill and the subsequent investigation into the causes of the Oil Spill. Mr. Perez is also knowledgeable regarding the resulting oil pollution damage, the scope and conduct of the ensuing environmental cleanup, and the nature of the expenses for which PTP seeks coverage in this action.

    G. Diego de la Guardia
       Galindo, Arias & Lopez
       Scotia Plaza Building
       Federico Boyd Avenue
       No. 18 and 51st Street
       Panama 5, Republic of Panama
       Telephone: 507-303-0303

Mr. de la Guardia coordinates the defense of the underlying civil lawsuits and other actions and proceedings that have been brought against PTP in connection with the Oil Spill ("Underlying Actions"). He has knowledge concerning all matters relevant to the Underlying Actions, including PTP's legal obligations for the remediation of pollution damage resulting from the Oil Spill and the Panamanian maritime court's June 2007 order that prohibited PTP from transporting oil from the Chiriquí Grande facility during the 38-day period when that order was in effect.

    H. Joseph Valenza
       Executive Vice President
       Frenkel & Co., Inc.
       350 Hudson Street
       New York, NY 10014
       Telephone: 212-488-1828

Mr. Valenza has knowledge concerning the issuance of the relevant PTP primary and excess marine liability insurance policies, PTP's provision of notice under those policies, and the Insurers' handling of the insurance claims that are the subject of this litigation.

Messrs. Ripp, Brown, Roquebert, Gonzalez, Perez and de la Guardia should be contacted through the counsel that has appeared for PTP in this litigation. Mr Valenza should be contacted through John K. Bradley, Esq., Executive Vice President and General Counsel for Frenkel & Co., Inc., 350 Hudson Street, New York, New York 10014 (212-488-1840).

II.   **DESCRIPTION OF RELEVANT DOCUMENTS**

In accordance with Fed. R. Civ. P. 26(a)(1)(B), PTP hereby identifies the following categories of documents in its possession that PTP may rely upon to support its claims in this matter.

    A. <u>Marine Liability Insurance Policy Nos. 06/662 and 06/663</u>

    B. <u>Documents Maintained at NIC Holding Corporation Headquarters in Melville, New York</u>

        1. Copies of the relevant primary and excess marine liability insurance policies and documents regarding the issuance and purchase of the same;

        2. Communications and other documents relating to Castor's claim against PTP for reimbursement of revenues that Castor asserts that it lost in consequence of the Oil Spill;

        3. Communications and other documents relating to the primary and excess marine liability insurers' handling of the insurance claims that are the subject of this litigation;

        4. Documents relating to the Oil Spill, the resulting environmental cleanup and the Underlying Actions; and

        5. Invoices representing the costs of defending the Underlying Actions and related expenses.

    C. <u>Documents Maintained at PTP's Chiriquí Grande, Panama City, and David, Panama Offices</u>

        1. Reports, studies, memoranda and other documents relating to the investigation of the causes of the Oil Spill;

        2. Reports, studies and memoranda relating to the scope and location of the pollution damage that resulted from the Oil Spill, including the migration of the oil to the bay and third-party coastal areas;

3. Reports, memoranda, correspondence and e-mails identifying the nature and scope of the activities that PTP undertook to remediate the Oil Spill, including documents identifying or relating to:

   a. fuel, equipment and supplies used in the environmental cleanup;

   b. environmental consulting and remediation companies, construction and other contractors, and temporary personnel involved in the cleanup and the services that they provided in connection with the cleanup;

   c. transportation, housing, lighting, food and other arrangements made (i) for the benefit of the personnel involved in the cleanup efforts, (ii) to facilitate the provision of supplies or equipment for use in the cleanup, or (iii) to expedite the progress of the cleanup; and

   d. the nature and scope of the cleanup activities that PTP undertook within the boundaries of the Chiriqui Grande facility and the purpose for which those activities were conducted.

6. Invoices that reflect the environmental cleanup and related mitigation expenses for which PTP seeks coverage in this litigation and documentation regarding payment of those invoices;

7. Memoranda, correspondence, e-mails and other documents relating to PTP's obligation under Panamanian law to remediate the Oil Spill, including communications from and to Panamanian authorities in connection with the Oil Spill;

8. Memoranda, correspondence, e-mails and other documents relating to actual or alleged damage to the bay or to coastal property owned, leased, rented or occupied by third parties and any actual, threatened or potential third-party claims against PTP for the alleged property damage and/or any allegedly resulting monetary or other losses;

9. Memoranda, correspondence, e-mails and other documents relating to actual or alleged bodily injuries sustained by third parties allegedly in consequence of the Oil Spill and any actual, potential or threatened claims against PTP for the alleged bodily injuries and/or any allegedly resulting monetary or other losses;

10. Memoranda, correspondence, e-mails and other documents relating to PTP's efforts to mitigate future losses and/or reduce its potential liability exposure in connection with future claims for property damage or bodily injury allegedly attributable to the Oil Spill;

11. Memoranda, pleadings, motion papers and other documents relating to the civil lawsuits that have been filed in Panamanian courts against PTP in consequence of the Oil Spill, including any documents relating to the June 2007 sequestration order issued by the Panamanian maritime court;

12. Correspondence, e-mails and other documents pertaining to PTP's claims under PTP's liability and property insurance policies for its Oil Spill-related losses, including communications with Cunningham & Lindsey Ltd., the adjusters for certain PTP insurers.

D. **Documents Maintained at the Offices of the Following Law Firms, Which Represent PTP in the Underlying Actions**

    1. Galindo Arias & Lopez
       Scotia Plaza Building
       Federico Boyd Avenue
       Panama City
       Republic of Panama
       Telephone: 507-303-0303

    a. Pleadings, discovery requests and responses, and motion and other papers primarily relating to civil and administrative Underlying Actions; and

    b. Documents relating to the environmental cleanup of the Oil Spill and PTP's legal responsibilities for the same, including communications with

governmental officials concerning the scope and conduct of the cleanup and the scope and nature of PTP's legal obligations for the cleanup.

2. DeCastro & Robles
   Scotia Plaza Building
   Federico Boyd Avenue
   Panama City
   Republic of Panama
   Telephone: 507-263-6622

   a. Pleadings, discovery requests and responses, and motion and other papers primarily relating to Underlying Actions filed in Panamanian maritime courts; and

   b. Documents relating to Oil Spill and the ensuing environmental cleanup.

3. Arjona, Figueroa, Arrocha & Diaz
   Omega Building
   Samuel Lewis Avenue & 53rd Street
   Obarrio
   Panama City
   Republic of Panama
   Telephone: 507-214-8873

   a. Pleadings, discovery requests and responses, and motion and other papers primarily relating to Underlying Actions involving alleged "crimes to the environment"; and

   b. Documents relating to the Oil Spill and the ensuing environmental cleanup.

## III.  DAMAGE COMPUTATION

In accordance with Fed. R. Civ. P. 26(a)(1)(C), the following are PTP's approximate present damages: for liability payments, $3,365,546.66, plus interest, and for defense costs, $552,497, plus interest. PTP has already provided counsel for the Insurers with the invoices that identify the liability payments for which PTP seeks coverage in this action.

Dated: March 13, 2008

                DICKSTEIN SHAPIRO LLP

                By: _____/s/ John P. Winsbro_____
                     Stephen A. Dvorkin (SD-3401)
                     John P. Winsbro (JW-5211)
                1177 Avenue of the Americas
                New York, New York 10036
                Tel.: (212) 277-6500
                Fax: (212) 277-6501

                Attorneys for Plaintiff
                Petroterminal de Panama, S.A.

9

DOCSNY.296620.03