Effective March 29, 2008

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>PETROTERMINAL DE PANAMA, S.A.,<br><br>        Plaintiff,<br><br>  -v-<br><br>HOUSTON CASUALTY COMPANY, ET AL.,<br><br>        Defendant.<br>------------------------------------------------------------x | PROPOSED CIVIL CASE<br>MANAGEMENT PLAN<br>  JUDGE RAKOFF<br><br><br><br><br>08 Civ. 0547 (JSR) |

**This Court requires that this case shall be <u>ready for trial</u> on
AUGUST 20, 2008**

*Introduction of Issues Related to Scheduling*

  In this action, plaintiff Petroterminal de Panama, S.A. ("PTP") seeks declaratory and other relief in respect of the defendant insurers ("Insurers")'s coverage obligations for (i) environmental cleanup liabilities (the "Cleanup Expenses") that PTP has incurred in consequence of an oil spill ("Oil Spill") that occurred at PTP's Chiriqui Grande facility in Panama on February 4, 2007; (ii) civil lawsuits that have been brought against PTP by landowners, businesses and residents for alleged bodily injuries and/or property damage allegedly attributable to the Oil Spill and associated mitigation costs ("Civil Action/Mitigation Expenses"); and (iii) a lawsuit filed in January 2008 against PTP in the Supreme Court of the State of New York by Castor Petroleum Ltd. for asserted losses that likewise relate to the Oil Spill ("Castor Litigation").

  PTP believes that the parties can be ready to try any factual issues involving the parties' claims and defenses in respect of the Cleanup Expenses and Civil Action/Mitigation Expenses by August 20, 2008 and respectfully submits that the Court should schedule deadlines for discovery and motion practice in respect of those claims and defenses to accommodate an August 20, 2008 trial date. PTP respectfully requests, however, that the Court refrain at this time from scheduling a trial date or setting deadlines for either dispositive motion practice or the completion (as opposed to the initiation) of discovery in respect of issues involving the presently embryonic Castor Litigation. PTP bases this request on the following grounds.

  While PTP already has incurred liabilities in the form of Cleanup Expenses and Civil Action/Mitigation Expenses, PTP has yet to incur any liabilities in the Castor Litigation. In addition, the legal and factual bases for any liabilities that PTP may incur in the Castor Litigation are unclear at this time and the factual record in the Castor Litigation has yet to be developed. Any future liabilities that PTP incurs in respect of the Cleanup Expenses and Civil Action/Mitigation Expenses will necessarily be on legal and factual bases within the coverage of the insurance policy at issue in this litigation while PTP's presently hypothetical liabilities in respect of the Castor Litigation render a determination on the defendants' coverage defenses, including the application of various policy exclusions, infeasible prior to a final resolution of the Castor Litigation.

*In accordance with this Court's Individual Rules of Practice, Rule 3(b), Defendants respectfully disagree that this matter can be trial ready by August 20, 2008, based on the involvement of foreign parties, the necessity of depositions and other discovery in Panama, the extent of unresolved underlying matters, and ongoing efforts to amicably resolve the underlying claims. Defendants, therefore, propose that a trial ready date of March 20, 2009 should be set and all deadlines in this Case Management Plan be modified in accordance therewith.*

*Plaintiffs and defendants respectfully request leave of Court to address these issues before the Court at the conference scheduled for March 20, 2008.*

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A. The case is to be tried to a jury.

B. Joinder of additional parties must be accomplished by April 1, 2008. (Defendants propose May 5, 2008).

C. Amended pleadings may be filed without leave of Court until April 1, 2008. (Defendants propose May 5, 2008).

D. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

1. <u>Documents</u>. First request for production of documents, if any, must be served by March 28, 2008. (Defendants propose April 14, 2008.) Further document requests may be served as required, but no document request may be served later than 20 days prior to the date of the close of discovery as set forth in item 6 below.

2. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by March 26, 2008. (Defendants propose April 14, 2008.) No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

3. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by May 15, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 6, 2008. (Defendants propose June 15, 2008.) No expert testimony (whether designated by "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures, except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all deposition set forth below</u>.

4. <u>Depositions</u>. All depositions <u>(including any expert depositions see item 3 above)</u> must be completed by June 20, 2008. (Defendants propose July 31, 2008.) Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all

parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. <u>Request to Admit</u>. Requests to Admit, if any, must be served by May 19, 2008. (Defendants propose June 30, 2008.) [insert date that is not later than 30 days prior to the date of close of discovery as set forth in item 6 below.]

6. All discovery is to be completed by June 20, 2008. (Defendants propose July 31, 2008.) Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's individual Rules of Practice, is filed <u>no later than one week following the close-of-discovery date (item D-6 above</u>) and provided that the moving papers are served by July 7, 2008, answering papers by July 21, 2008, and reply papers by July 28, 2008 [the last of these days being no later than six weeks following the close of discovery]. (Defendants propose as alternative dates, respectively, August 8, 2008, August 15, 2008, and August 18, 2008). Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy, non-electronic, hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or more pre-trial submissions shall be governed by the Court's Individual Rule of Practice.

G. All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J

DATED: New York, New York

_____