DICKSTEIN SHAPIRO, LLP
STEPHEN A. DVORKIN (SD-0341)
JOHN P. WINSBRO (JW-5211)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 277-6500

Attorneys for the Plaintiff,
Petroterminal de Panama, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
                                                                         :
PETROTERMINAL DE PANAMA, S.A.,                                           :    08 CV 00547 (JSR)
                                                                         :
                                    Plaintiff,                           :
                                                                         :
        – against –                                                      :
                                                                         :
HOUSTON CASUALTY COMPANY, NATIONAL                                       :
LIABILITY & FIRE INSURANCE COMPANY a/k/a                                 :
NATIONAL FIRE & LIABILITY INSURANCE                                      :
COMPANY, LIBERTY MUTUAL INSURANCE                                        :
COMPANY, GREAT AMERICAN INSURANCE                                        :
COMPANY OF NEW YORK, INDEMNITY                                           :
INSURANCE COMPANY OF NORTH AMERICA, and                                  :
CONTINENTAL INSURANCE COMPANY,                                           :
                                                                         :
                                    Defendants.                          :
                                                                         :
------------------------------------------------------------------------ x

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR IMPOSITION OF DISCOVERY SANCTIONS ON DEFENDANTS

The plaintiff, Petroterminal de Panama, S.A. ("PTP"), respectfully submits this memorandum in support of its motion for the imposition of sanctions on the defendant insurance companies ("Defendants")[1], pursuant to Fed. R. Civ. P. 37(c), by reason of Defendants' failure to

---

[1] Defendants are Houston Casualty Company; National Liability & Fire Insurance Company (a/k/a National Fire & Liability Insurance Company); Liberty Mutual Insurance Company; Great

320141.03

provide the disclosures required by Rule 26(a)(1) for a period of four months after those disclosures were due – in spite of PTP's repeated requests, and notwithstanding Defendants' repeated promises.

## PRELIMINARY STATEMENT

The deadline for filing and service of Defendants' Fed. R. Civ. P. 26(a) "required disclosures" (the "Required Disclosures" or "Disclosures") was **March 13, 2008**. PTP repeatedly reminded Defendants of their obligation to make the Required Disclosures – once in March and on two separate occasions in May 2008 – and on all occasions was assured that service of the Required Disclosures was imminent. *See* accompanying Affidavit of Stephen A. Dvorkin, dated July 25, 2008 ("Dvorkin Aff.") ¶ 2. Defendants finally served inadequate Disclosures on **July 14, 2008** – but only after the Court had directed them to do so, in the course of the very conference call in which PTP requested leave to make the present motion. Dvorkin Aff. ¶¶ 3, 18.

Defendants knew that their Required Disclosures were due and have no conceivable excuse for failing to file and serve their Required Disclosures until four months after the deadline for filing and service had passed. Moreover, Defendants have evidenced the same disregard for their other discovery obligations. Even after PTP granted them an extension of time to respond to PTP's document requests and interrogatories, Defendants failed to respond in any way by the agreed deadline and never responded until they were ordered to do so some sixteen days later.

Nor can there be any question that, by flouting their discovery obligations, Defendants have materially delayed the time available to PTP for the preparation of its case. Defendants have advanced no fewer than thirty-three affirmative defenses to PTP's claims in this lawsuit.

---

American Insurance Company of New York; Indemnity Insurance Company of North America; and Continental Insurance Company.

320141.03

Many of those defenses are based on allegations for which the supporting information, if any, resides solely or primarily with Defendants. The Court has ordered the parties to be ready for a trial of this matter by no later than October 20, 2008 (the "Trial-Ready Date"). A total of seven months was thus available to the parties for discovery and trial preparation between the date when Defendants' Required Disclosures were due (March 13, 2008) and the Trial-Ready Date. ***More than half of that time had elapsed before Defendants served their version of the Required Disclosures.***

Stiff sanctions under Fed. R. Civ. P. 37(c) are warranted where, as here, the derelict party lacks substantial justification for the failure to file and serve Required Disclosures and cannot show that the failure was harmless. PTP therefore seeks an Order of the Court:

(a) granting PTP default judgment on the claims in PTP's Amended Complaint, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and 37(c)(1)(C); or, alternatively,

(b) striking all of the thirty-three affirmative defenses set forth in Defendants' Answer, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and 37(c)(1)(C); and

(c) barring Defendants' introduction at trial of the testimony of all witnesses identified in Defendants' untimely Rule 26(a) disclosures, pursuant to Fed. R. Civ. P. 37(c)(1); and

(d) awarding PTP, and requiring Defendants' to reimburse PTP for, the attorneys' fees and expenses it has incurred and will incur in bringing on and seeking the adjudication of this motion, pursuant to Fed. R. Civ. P. 37(c)(1)(A).

## BACKGROUND FACTS

Defendants are insurance companies that subscribe to a "bumbershoot" insurance policy that promises to indemnify PTP against liabilities (excess of primary policy limits) for bodily injury and property damage that occurred during the December 1, 2006 to December 1, 2007 "policy period" (the "Bumbershoot Policy").

PTP requested indemnity under the Bumbershoot Policy for liabilities and costs of defense incurred and to be incurred by PTP in connection with an oil spill that occurred at its Chiriqui Grande, Panama terminal on February 4, 2007 (the "Spill," and "PTP's Spill-Related Liabilities"). On October 26, 2007, Defendants sent PTP a letter denying indemnity obligations in respect of PTP's Spill-Related Liabilities. PTP instituted this action on January 22, 2008. *See* Dvorkin Aff., ¶¶ 6-8.

Defendants' Answer and Jury Demand, dated February 14, 2008 [Exhibit A ("Answer")[2]], denies PTP's claim for insurance coverage under the Bumbershoot Policy in respect of PTP's Spill-Related Liabilities, and asserts thirty-three defenses to PTP's claims – many of which are divided into separate parts that amount to additional defenses. Some of what are denominated as "defenses" in Defendants' Answer are not strictly affirmative defenses (in the acknowledgment-and-avoidance vein), but rather take issue with PTP's ability to prove its prima facie case for coverage – such as, *e.g.*, the "defense" alleging that PTP failed even to assert a proper claim. *See* Exhibit A, Twenty-Seventh Defense. Among Defendants' other defenses are contentions that PTP should be denied coverage:

> (a) "to the extent [it] . . . made false, fraudulent or misleading statements in procuring [the Policy]" [*see* Exhibit A, Thirty-Second Defense]; and
>
> (b) because PTP's relevant liabilities were in fact caused "by the fault and/or neglect and/or malpractice and/or malfeasance of other parties . . . for whom Bumbershoot Underwriters are not responsible" [*see* Exhibit A, Twenty-Fifth Defense].

As may readily be seen, all of the foregoing defenses – and others of Defendants' defenses – are at least partially fact-dependent. PTP is unaware of any facts that would support

---

[2] Any citation *infra* to an "Exhibit" refers to the corresponding exhibit to the Dvorkin Affidavit.

exculpation of Defendants from their obligations to indemnify PTP's Spill-Related Liabilities on any of the foregoing grounds, and is, and will be, entirely reliant on discovery to ascertain Defendants' bases for asserting such defenses. Defendants did not, in their Answer, or at any time since, particularize or support the allegations set forth in the foregoing defenses, or in any of the other defenses pled in their Answer – and failed and refused, for a period of four months, even to provide the names of witnesses likely to have discoverable information that Defendants might use in support of those defenses, in clear violation of the requirements of Fed. R. Civ. P. 26(a)(1)(A).

PTP filed and served its Required Disclosures on the March 13, 2008 deadline[3] but Defendants did not. *See* Dvorkin Aff. ¶¶ 10-12, Ex. B. Immediately following the March 20, 2008 Scheduling Conference in this case, PTP's counsel raised this matter with Defendants' counsel, who provided assurances that the Disclosures would be made shortly. *See* Dvorkin Aff. ¶ 13; Affidavit of John P. Winsbro, dated July 25, 2008 ("Winsbro Aff.") 2.

On May 12, 2008, one of PTP's counsel, John Winsbro, again broached the matter of Defendants' overdue Disclosures, this time in a telephone call to one of Defendants' attorneys, Jeffrey Bridger, Esq., who stated that he would check on the status of the Disclosures. Winsbro

---

[3] The Fed. R. Civ. P. 16(b)) scheduling conference in this matter was held on March 20, 2008. *See* Dvorkin Aff., ¶ 13. This development triggered the parties' obligation to convene a Fed. R. Civ. P. 26(f) conference for the development of a proposed discovery plan and to file and serve their Required Disclosures. Pursuant to Fed. R. Civ. P. 26(f)(i), the parties were required to hold the 26(f) conference "by at least 21 days" before the scheduling conference, that is, by February 28, 2008. And, per Fed. R. Civ. P. 26 (a) (i) (C), the parties were required to file and serve their Disclosures "at or within 14 days after the parties' Rule 26(f) conference," that is, by March 13, 2008.

The deadline for filing and service of Initial Disclosures may be changed or extended if "a different time is set by stipulation or court order" or if "a party objects during the [Fed. R. Civ. P. 26(f)] conference that Initial Disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26 (a)(i)(C). Neither exception is applicable here.

Aff. ¶ 3, Ex. ¶ A thereto. Mr. Winsbro followed-up with an email reminder to Mr. Bridger later on May 12 but heard nothing from Mr. Bridger either on that or the following day. *Id.* ¶ 4 and Ex. B. Accordingly, on the morning of May 14, 2008, Mr. Winsbro forwarded another reminder to Mr. Bridger in the form of the relevant email thread. *See* Winsbro Aff. ¶ 4 and Exhibit B. In an e-mail sent later that morning, Mr. Bridger represented that a draft (at least) of Defendants' Required Disclosures already existed – but that Mr. Bridger was "re-doing them to go out, I expect, this evening." *Id.* ¶ 5 and Ex. C. Contrary to this representation, Defendants did not serve the Required Disclosures that evening, or at any time during *the seven-week period that followed.* Dvorkin Aff. ¶¶ 14-16; Winsbro Aff. ¶¶ 5-6.

Nor was this the only occasion when Defendants ignored mandatory deadlines for the provision of discovery. On the contrary, Defendants' flouting of their discovery obligations has been utter and comprehensive.

To date, PTP has sought discovery from Defendants through document requests and interrogatories that PTP served on the court-ordered May 16, 2008 deadline. *See* Dvorkin Aff., Exs. C and D.[4] Defendants' responses to these requests were due on Wednesday, June 18, 2008.[5] In a June 16, 2008 email, Mr. Bridger requested "a one week extension of time to provide" Defendants' responses. E-Mail to S. Dvorkin and J. Winsbro (Winsbro Aff., Ex. E). PTP's counsel granted this request on the following day, but cautioned that there would be no "further extensions." Winsbro Aff. ¶ 9, Ex. F. Mr. Bridger acknowledged PTP's "forbearance"

---

[4] Both discovery requests seek information pertinent to the coverage defenses identified in Defendants' Answer. For example, PTP has requested the production of documents concerning the drafting and interpretation of the insurance policy, conditions and exclusions that Defendants contend operate to limit or negate coverage for PTP's Spill-Related Liabilities, and copies of Defendants' claims and underwriting files. *See* Dvorkin Aff., Ex. C, Document Request nos. 1 and 3.

[5] *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

and assured Mr. Winsbro that "I am sure we will have the responses to you on or before the 25th." June 17, 2008 2:23 pm E-Mail from J. Bridger to J. Winsbro (Winsbro Aff., Ex. G).

In the event, Defendants did not serve responses to either discovery request by the agreed June 25, 2008 deadline and **never** responded until they were ordered by the Court to do so three weeks after the responses were due. Dvorkin Aff. ¶¶ 3, 16. Indeed, **Defendants did not produce a single document to PTP before July 14, 2008.** *Id.* ¶ 16 fn.

Concluding that prejudice to PTP's litigation interests was at that point irremediable, PTP's counsel apprised Defendants' counsel, by email sent on July 8, 2008, that PTP would be moving to impose sanctions of Defendants by reason of Defendants' wholesale flouting of their discovery obligations. Dvorkin Aff. ¶ 16 and Exhibit E. At that time, **Defendants were four months late in providing their Required Disclosures**, notwithstanding the fact that those Disclosures are required by the express terms of Rule 26(a)(1) – and had been repeatedly requested by PTP.[6]

On July 10 and 11, 2008, PTP's counsel initiated conference calls with Chambers and Defendants' counsel, for the purpose of obtaining the Court's permission to make the contemplated Rule 37 sanctions motion. In the course of the July 11 telephone call, the Court (per Ms. Wainer Apter) directed Defendants to provide all overdue discovery to PTP by July 14, 2008.

PTP received what purports to be Defendants' Rule 26(a)(1) disclosures on July 14, 2008 (Exhibit F). Those disclosures are most charitably described as "sketchy" in the assistance they provide to PTP in respect of important issues. For example, the Disclosures reveal, for the first

---

[6] At that time, Defendants also were thirteen days late in answering PTP's Interrogatories, and thirteen days late in responding to PTP's Requests for Production of Documents. Dvorkin Aff. ¶ 16 fn.

time, the names of five impliedly knowledgeable employees of Defendants, but furnish the same uselessly general incantation as what each of those individuals is "believed" to know. According to the belated Disclosures, each of the newly-identified insurer witnesses is "believed" to have knowledge in respect of Defendants' "continued consideration of claim submissions." *See* Exhibit F at pp. 5 and 6. Not one of the newly-identified witnesses is identified as having knowledge regarding the factual bases for Defendants' contentions that PTP will be unable to make out a prima facie case establishing its entitlement to coverage in respect of PTP's Spill-Related Liabilities, or the bases for any of the (literally) dozens of defenses that Defendants have invoked in support of their refusal to pay PTP's claims.

The Case Management Order governing this action establishes October 20, 2008 as the Trial-Ready Date. Thus, PTP had a total of seven months between the date on which the Required Disclosures were due (March 13, 2008) and the Trial-Ready Date to inquire into the merits of Defendants' defenses to PTP's claims, and to prepare to overcome those defenses at trial (the "Available Case-Preparation Period"). *More than half of that time had elapsed before Defendants served their version of the Required Disclosures.*

### ARGUMENT

### DEFENDANTS SHOULD BE SANCTIONED FOR THEIR FLOUTING OF RULE 26(A) DISCOVERY OBLIGATIONS – FOR WHICH THEY OFFER NO EXCUSE

A.   **The Applicable Rules And Legal Standards**

Fed. R. Civ. P. 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

320141.03

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(A)(iii) and (vi) authorize, respectively, the striking of pleadings and the rendering of a default judgment against the disobedient party.

The imposition of the Rule 37(c) preclusion sanction has been characterized as "automatic," where the party against which the sanction would be directed has failed to make Rule 26(a) disclosures "without substantial justification"; and that "automatic sanction" was intended to "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence[.]" Fed. R. Civ. P. 37 Advisory Committee Notes to 1993 Amendments. Although the court to which the sanctions motion is addressed has discretion in choosing among the available sanctions, "[i]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26(a)] was either justified or harmless and therefore deserving of some lesser sanction." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) ("*Design Strategy*"); *see 24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 2008 WL 2605168 (S.D.N.Y. Jul. 1, 2008) at *9 ("Preclusion is 'automatic' unless the non-disclosure was substantially justified or harmless, or unless the district court in its discretion chooses an alternative sanction as provided in Rule 37(c)(1))").

In addition to preclusion, or as an alternative thereto, courts have struck the disobedient party's pleadings, and entered default judgments, as sanctions for failure to provide initial disclosures. *See, e.g., Qualls v. Widnall*, 221 F.3d 1339 (7th Cir. 2000); *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565 (W.D. Va. June 4, 2008); *Microsoft Corp. UNET Worldwide, Inc.*, No. 06 cv5028 (ADS), 2008 WL 207848 (E.D.N.Y. Jan 22, 2008). The factors

appropriately considered by the district court in choosing the sanctions to be imposed include the merits of the party's explanation for the failure to comply with the disclosure requirement, and the prejudice suffered by the party that was entitled to receive the disclosures. *See Patterson v. Balsamico*, 440 F. 3d 104, 117 (2d Cir. 2006). The selection of sanctions appropriately imposed is a matter within the discretion of the district court, once it is determined that the nondisclosure was neither justified nor harmless; and the imposed sanctions will not set aside unless the district court is found to have abused its discretion. *Design Strategy*, 469 F. 3d at 298.

### B.   The Sanctions Appropriately Imposed

Here, significant sanctions are appropriately imposed because Defendants' failure to make the Required Disclosures in a timely manner was totally unjustified – and has been (and would be, absent the imposition of appropriate sanctions) self-evidently prejudicial to PTP.

As recounted above, Defendants were on several occasions reminded of their obligations, but simply failed to fulfill them. Even in providing their version of the Required Disclosures, four months after they were due, Defendants did not claim that there was any impediment to their timely compliance with the Rule.[7] "Bad faith" is not required to justify the imposition of Rule 37 sanctions: simply a want of justification for the failure to make the Required Disclosures. *Design Strategy*, 469 F.3d at 296 ("Rule 37(c)(1) by its terms does not require a showing of bad faith").

In considering the flagrancy of Defendants' noncompliance with Rule 26(a) discovery obligations, it is instructive to compare the facts present here with the facts present in the reported sanctions decisions. In the overwhelming majority of those decisions, the courts were

---

[7] Indeed, on May 14, 2008, Defendants' counsel stated that such disclosures as they were willing to make were almost completed. *See* Winsbro Aff. ¶ 8, Exhibit E. Even so, however, those disclosures were not made in the ensuing two-month period.

considering the sanctions appropriately imposed in circumstances where the noncompliant party had failed to fulfill one aspect of its disclosure obligation. *See, e.g., Sears, Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10 (1st Cir. 1997) (failure to identify a particular witness); *Falconer v. Penn Maritime, Inc.*, 232 F.R.D. 37 (D. Me. 2005) (same); *Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Finance Corp.*, No. 04 Civ. 3854RCCAJP, 2005 WL 977850 *3 (failure to provide damages computation required by Rule 26(a)(1)A)(iii)); *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, No. 03 Civ. 3204(MGC), 2008 WL 2605168 *8-9 (S.D.N.Y. July 1, 2008) (same). Here, in contrast, Defendants made no effort to comply with their Rule 26(a) obligations in any respect. Such egregious circumstances are present in relatively few of the reported decisions (for obvious reasons); and, where they are present, the sanctions imposed are appropriately stiff. *See, e.g., Microsoft Corp. v. UNET Worldwide, Inc.*, No. 06 cv5028(ADS)(WDW), 2008 WL 207848 (E.D.N.Y. Jan. 22, 2008) (adopting magistrate judge's report and recommendation, recommending that that defendant's pleadings be stricken and a default judgment be rendered against them, after defendants had failed to provide initial disclosures, and had failed to provide any meaningful discovery, notwithstanding motions to compel and admonitions from the court); *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565 (W.D. Va. June 4. 2008)(granting sanction of default judgment against defendant after numerous warnings from the court, and corresponding failures to provide initial disclosures, as well as discovery); *Russo v. Network Solutions, Inc.* No. C-07-3401 MMC (EMC) 2008 WL 114908 (N.D. Cal. Jan. 10, 2008) (where plaintiff had failed to provide any initial disclosures, notwithstanding court order compelling him to do so, and failed to respond to motion for sanctions, court awarded monetary sanctions, recommended sanction precluding plaintiff "from using any evidence that would have been part of the initial disclosures had Rule 26(a) been

-11-

complied with," and noted that this sanction "would likely resolve the case on the merits against [plaintiff]").

The prejudice to PTP's interests is substantial – and to a considerable extent self-evident. It needs only to be repeated that more than one-half of the period provided for case-preparation had elapsed between the date when Defendants' initial disclosures were due and the date on which plaintiff's deficient version of those disclosures were made. PTP had, in contrast, timely made its Rule 26(a) Required Disclosures, and had produced thousands of pages of relevant documents to Defendants. *See* Dvorkin Aff. ¶¶ 10, 16-18. Defendants should not be permitted to position themselves advantageously in the litigation of this lawsuit by the simple expedient of declining to satisfy discovery obligations. The foregoing, without more, establishes that PTP has sustained substantial prejudice by reason of Defendants' unjustified noncompliance with discovery obligations.

In fact, the prejudice worked by the mere passage of time has been compounded by the "quality" of the Rule 26(a) disclosures that Defendants ultimately saw fit to make. As noted above, to say that the information provided by Defendants is "sketchy" is to say the least. Indeed, PTP will go so far as to say that the general statement that each the five newly-identified fact witnesses is "believed" to have knowledge in respect of Defendants' "continued consideration of claim submissions" [*see* Exhibit F at pp. 5 and 6] is so general and evasive as to represent noncompliance with the requirements of Rule 26(a)(1)(A)(i) (which requires that the disclosing party provide the "subjects of [the] information" likely possessed by each disclosed witness).

## CONCLUSION

Quite apart from what PTP views as their inadequacy under Fed. R. Civ. P. 26(a)(1)(A)(i), Defendants' Required Disclosures are egregiously – and inexcusably – late. It is

unfair for PTP to have to attempt to play "catch-up" by conducting discovery (depositions; development of any appropriate expert opinion testimony – etc.) in the time that remains after Defendants "burned" more than half of the provided case-preparation period before making the preliminary – and required – Disclosures. PTP should not be put in the position of being forced to accept whatever "settlement offer" Defendants deign to make, on the eve of trial, simply because Defendants' refusal to provide discovery has left PTP unable to rejoin to Defendants' defenses at trial.

If the sanctions of Fed. R. Civ. P. 37, do not apply in the circumstances of a litigant's utter failure to provide any of the Rule 26(a) "Required Disclosures" (or, for that matter, any discovery), it is difficult to imagine the circumstances in which they would apply. Those Rule 37 sanctions were designed to hold litigants to account for the very sorts of abuses of which Defendants are guilty – and the Court should not be reluctant to impose those sanctions in the circumstances of this case.

Because Defendants' violation of the requirements of Rule 26(a) were egregious, inexcusable (given PTP's repeated warnings), and self-evidently prejudicial to the rights of PTP, the Court should enter an Order granting PTP default judgment, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and 37(c)(1)(C). Alternatively, the Court's Order should strike all of the thirty-three affirmative defenses set forth in Defendants' Answer, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and 37(c)(1)(C), and bar Defendants' introduction at trial of the testimony of all witnesses identified in Defendants' untimely Rule 26(a) disclosures, pursuant to Fed. R. Civ. P. 37(c)(1). The Court's Order should also award to PTP, and require Defendants' to pay, all of the attorneys' fees and expenses that PTP has incurred and will incur in bringing on and seeking the adjudication of this motion, pursuant to Fed. R. Civ. P. 37(c)(1)(A).

320141.03

Dated: New York, New York
      July 25, 2008

                                      Respectfully submitted,

                                      DICKSTEIN SHAPIRO LLP

                                      By: /s/ Stephen A. Dvorkin
                                            STEPHEN A. DVORKIN (SD-0341)
                                            JOHN P. WINSBRO (JW-5211)
                                      1177 Avenue of the Americas
                                      New York, New York 10036
                                      Telephone: (212) 277-6500

                                      Attorneys for the Plaintiff,
                                      Petroterminal de Panama, S.A.

320141.03