IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PETROTERMINAL DE PANAMA, S.A, | 08 CV 00547 (JSR) |
| Plaintiff, | |
| – v – | **JURY TRIAL DEMANDED** |
| HOUSTON CASUALTY COMPANY, NATIONAL LIABILITY & FIRE INSURANCE COMPANY a/k/a NATIONAL FIRE & LIABILITY INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, and CONTINENTAL INSURANCE COMPANY, | |
| Defendants. | |



## AMENDED COMPLAINT

Plaintiff Petroterminal de Panama, S.A. ("PTP"), by and through its undersigned counsel, alleges for its Amended Complaint against the defendant insurance companies ("Defendant Insurers") as follows:

### NATURE OF THE ACTION

1.  This is an action for breach of contract and declaratory relief.

2.  PTP seeks damages for the Defendant Insurers' breach of their contractual obligations to PTP under Marine Excess Liability Policy No. 06/663 (the "Policy") in respect of liabilities and associated mitigation costs that PTP has incurred as a result of a February 2007 oil spill pollution incident (the "Spill Occurrence").

3. PTP also seeks a declaration regarding the parties' rights, duties and obligations under the Policy in respect of PTP's mitigation costs, and the liabilities that PTP has incurred, and

subsequently may incur, for the remediation of environmental property damage attributable to the Spill Occurrence.

## THE PARTIES

3. Plaintiff PTP is a corporation organized under the laws of Panama that maintains its principal place of business in Panama.

4. Upon information and belief, defendant Houston Casualty Company is a corporation organized under the laws of Texas that maintains its principal place of business in Houston, Texas. Upon information and belief, Houston Casualty Company is an insurance company that is doing business in the State of New York, among other places.

5. Upon information and belief, defendant National Liability & Fire Insurance Company a/k/a National Fire & Liability Insurance Company is a corporation organized to do business under the laws of Connecticut that maintains its principal place of business in Omaha, Nebraska. Upon information and belief, National Liability & Fire Insurance Company is an insurance company that is licensed to do business and is doing business in the State of New York, among other places.

6. Upon information and belief, defendant Liberty Mutual Insurance Company is a corporation organized under the laws of Massachusetts that maintains its principal place of business in Boston, Massachusetts. Upon information and belief, Liberty Mutual Insurance Company is an insurance company that is licensed to do business and is doing business in the State of New York, among other places.

7. Upon information and belief, defendant Great American Insurance Company of New York is a corporation organized under the laws of New York that maintains its principal place of business in Cincinnati, Ohio. Upon information and belief, Great American Insurance

Company of New York is an insurance company that is licensed to do business and is doing business in the State of New York, among other places.

8. Upon information and belief, defendant Indemnity Insurance Company of North America is a corporation organized under the laws of Pennsylvania that maintains its principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Indemnity Insurance Company of North America is an insurance company that is licensed to do business and is doing business in the State of New York, among other places.

9. Upon information and belief, defendant Continental Insurance Company is a corporation organized under the laws of Pennsylvania that maintains its principal place of business in Chicago, Illinois. Upon information and belief, Continental Insurance Company is an insurance company that is licensed to do business and is doing business in the State of New York, among other places.

## JURISDICTION AND VENUE

10. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(a)(2) and (c)(1) as complete diversity of the parties exists and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant Insurers are subject to personal jurisdiction in this District and because a substantial part of the events and omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

### Background

12. PTP is engaged in the business of storing and transporting crude oil. PTP maintains a storage and shipment terminal for this purpose on the Atlantic coast of Panama (the "Chiriqui Grande terminal").

13. NIC Holding Corporation ("NIC"), a New York corporation that maintains its principal place of business in Melville, New York, is a principal owner and the managing partner of PTP.

14. NIC is actively involved in the management and oversight of PTP's business, and NIC officers and employees have had substantial involvement in and responsibilities for the insurance claims at issue in this litigation. In addition, negotiations leading to the issuance of the Policy were conducted on PTP's behalf exclusively by PTP officers who are also officers or employees of NIC and who report to work at NIC's Melville, New York corporate headquarters.

15. PTP purchased the Policy through an insurance broker, Frenkel & Co., Inc. ("Frenkel"), located in New York, New York. Following its issuance, the Policy was delivered to PTP at NIC's Melville, New York corporate offices.

16. Frenkel employees have provided notice of, and communicated with insurance adjusters concerning, PTP's insurance claims for the Spill Occurrence from Frenkel's New York, New York offices.

**The Policy**

17. The Policy requires each Defendant Insurer to pay on PTP's behalf damages and defense costs that PTP "shall become legally liable to pay" because of "property damage" or "bodily injury" that takes place during the Policy period, that is, from December 1, 2006 to December 1, 2007.

18. The Policy provides up to $45,000,000 in coverage for losses that exceed the liability limit of the underlying primary Marine Comprehensive Liability Insurance Policy No. 06/662 ("Primary Policy"). The Primary Policy provides coverage subject to a $1,000,000 limit for liabilities that arise from one "occurrence."

DOCSNY-288631

19. Each Defendant Insurer separately subscribed to the Policy and is responsible for a proportionate share of losses covered by the Policy.

20. The Primary Policy expressly provides coverage for certain pollution-related incidents, and the Policy provides coverage for pollution-related liabilities to the same extent as the Primary Policy.

**The Spill Occurrence And PTP's Resulting Liabilities**

21. As part of its ordinary business activity, PTP transports crude oil from storage tanks located at the Chiriqui Grande terminal to ships docked in the Atlantic Ocean.

22. PTP transports this oil through piping that runs from the storage tanks to the docking facility. It controls the oil flow by means of, among other things, pressure valves located in the piping.

23. On February 4, 2007, due to the unexpected and fortuitous breakdown of one or more pressure valves, flow pressure reached levels causing the pipelines to sustain ruptures and breakage. As a result, approximately 5,500 barrels of crude oil were discharged into the environment, including the Atlantic Ocean. The oil subsequently migrated to surrounding coastal areas.

24. In consequence of the Spill Occurrence, PTP has incurred legal liabilities for the environmental remediation of the bay and other affected third-party property, including but not limited to legal responsibility for the conduct of remedial activities within the boundaries of the Chiriqui Grande facility for the purpose of preventing ongoing, and mitigating potential future, damage to the bay and other affected third-party property (collectively, the "Environmental Liabilities").

25. PTP also has incurred costs to mitigate its potential liability exposure to local landowners, businesses and residents who were actually or potentially affected by the Spill

Occurrence, including but not limited to costs incurred for the provision of food and medical supplies to local residents and communities ("Mitigation Costs").

**The Defendant Insurers' Breach Of Their Contractual Obligations**

26.     PTP's liabilities for the Spill Occurrence substantially exceed the applicable $1,000,000 Primary Policy limit.

27.     The insurers that subscribe to the Primary Policy have paid PTP the full Primary Policy limit (minus the applicable $25,000 deductible) in satisfaction of PTP's insurance claims arising from the Spill Occurrence.

28.     PTP has provided the Defendant Insurers with timely notice of the Spill Occurrence and of its insurance claims for the Environmental Liabilities and Mitigation Costs.

29.     PTP has paid all premiums due and otherwise fulfilled all duties, and satisfied all conditions to coverage, under the Policy.

30.     The Environmental Liabilities and Mitigation Costs are covered by the Policy, and PTP is entitled to payment of all losses that PTP has incurred, or subsequently may incur, in respect of the remediation, prevention or mitigation of environmental property damage attributable to the Spill Occurrence.

31.     The Defendant Insurers have refused to honor their contractual obligations to PTP in respect of the Environmental Liabilities and Mitigation Costs.

32.     By refusing to honor their contractual obligations to PTP, the Defendant Insurers have breached their contractual obligations to PTP.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

33.     PTP repeats and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

DOCSNY-288631

34.    PTP has incurred covered losses in consequence of the Spill Occurrence and will continue to incur covered losses in the future.

35.    The Defendant Insurers have breached their obligations under the Policy by failing and refusing to pay in full PTP's losses in consequence of the Spill Occurrence.

36.    As a direct and proximate result of their breaches of contract, the Defendant Insurers have deprived PTP of the benefit of insurance coverage for which PTP paid substantial premiums.

### SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

37.    PTP repeats and realleges the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38.    An actual and justiciable controversy exists between PTP and the Defendant Insurers regarding the parties' rights, duties and obligations under the Policy in respect of the Environmental Liabilities and Mitigation Costs as well as PTP's future costs of remediating environmental property damage attributable to the Spill Occurrence.

39.    Pursuant to 28 U.S.C. § 2201, PTP is entitled to a declaration regarding the parties' rights, duties and obligations under the Policy in respect of the Environmental Liabilities and Mitigation Costs and PTP's future costs of remediating environmental property damage attributable to the Spill Occurrence.

### PRAYER FOR RELIEF

WHEREFORE, PTP demands judgment in its favor and against the Defendant Insurers as follows:

DOCSNY-288631

1. On the First Claim for Relief, that the Court enter a monetary judgment in favor of PTP and against the Defendant Insurers and award PTP compensatory damages for the Defendant Insurers' breach of their contractual obligations in an amount to be determined at trial;

2. On the Second Claim for Relief, that the Court enter a Declaratory Judgment determining the parties' rights, duties and obligations under the Policy with respect to the Environmental Liabilities, Mitigation Costs and PTP's future costs of remediating environmental property damage attributable to the Spill Occurrence;

3. Pre-judgment and post-judgment interest on the amount which the Defendant Insurers have wrongfully refused to pay PTP;

4. All costs incurred in bringing this action, including attorneys' fees; and

5. Such other and further relief as this Court may deem just and appropriate.

Dated: July 25, 2008

DICKSTEIN SHAPIRO LLP

By: _____
Stephen A. Dvorkin (SD-3401)
John P. Winsbro (JW-5211)
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 277-6500
Fax: (212) 277-6501

Attorneys for Plaintiff
Petroterminal de Panama, S.A.

DOCSNY-288631

Stephen A. Dvorkin (SD 3401)
John P. Winsbro (JW 5211)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
PETROTERMINAL DE PANAMA, S.A,

    Plaintiff,

v.

HOUSTON CASUALTY COMPANY,
NATIONAL LIABILITY & FIRE
INSURANCE COMPANY a/k/a
NATIONAL FIRE & LIABILITY
INSURANCE COMPANY, LIBERTY
MUTUAL INSURANCE COMPANY,
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK, INDEMNITY
INSURANCE COMPANY OF NORTH
AMERICA, and CONTINENTAL
INSURANCE COMPANY,

    Defendants.
------------------------------------x

Civ. Action No.: 08-CV-00547 (JSR)

ECF CASE

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                         ) ss
COUNTY OF NEW YORK  )

Alden T. O'Neil, being duly sworn, deposes and says:

1. I am not a party to the action, I am over 18 years of age and employed by Dickstein Shapiro LLP, attorneys for the Plaintiff.

2. On July 30, 2008, I served true and correct copies of the attached Amended Complaint by Federal Express, addressed to the following:

Gary Dennis Centola
Michael Anthony Kotula
Rivkin Radler, LLP
926 Rexcorp Plaza
Uniondale, NY 11556
Attorneys for Defendants

Jay Lonero, Esq.
R. Jeffrey Bridger, Esq.
Larzelere Picou Wells Simpson Lonero, LLC
3850 N. Causeway Blvd., Suite #1100
Metaire, LA 70002
Attorneys for Defendants

_____
Alden T. O'Neil

Sworn to before me this
30th day of July 2008.

_____
Notary Public

STEPHANIE A. KORCHINSKI
Notary Public, State of New York
No. 01KO6096997
Qualified in Westchester County
Commission Expires Aug. 11, 20 11